UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 12-10658-RWZ

BGI INCORPORATED

v.

THOMAS MERRIFIELD *et al.*

MEMORANDUM OF DECISION

January 25, 2013

ZOBEL, D.J.

　　Plaintiff BGI Incorporated ("BGI") is a closely held Massachusetts corporation that makes environmental monitoring equipment such as air samplers and airflow meters. In this suit, BGI alleges that its former president Thomas Merrifield stole its confidential information and competed against BGI in the same industry. Defendants include Merrifield; his business associate, John Tisch; the company Greentech Instruments, Inc. ("Greentech"), owned in part by Merrifield and John Tisch; and the company Tisch Environmental, Inc. ("Tisch Environmental"), also owned in part by John Tisch. BGI now moves for leave to amend its complaint. For the reasons described below, leave is allowed in part and denied in part.[1]

**I.    Legal Standard**

---

[1] BGI's motion for leave to file a reply brief (Docket # 67) is allowed. The court has considered the arguments in that reply.

The court "should freely grant leave" to amend a complaint "when justice so requires." Fed. R. Civ. P. 15(a)(2). However, the court need not grant leave to amend if amendment would be futile or would reward undue delay. See Abraham v. Woods Hole Oceanographic Inst., 553 F.3d 114, 117 (1st Cir. 2009).

## II.    Analysis

BGI's proposed amended complaint makes several changes. First, it corrects Greentech's legal name to "Greentech Instruments, Inc." (rather than simply "Greentech Instruments"). Second, it adds BGI Instruments, Inc., a separate corporate entity related to BGI, as a new plaintiff. Third, it adds Merrifield & Associates, Inc. ("M&A"), a corporation partly owned by Merrifield, as a new defendant. No objection has been raised to these amendments, and they are hereby allowed.

Next, BGI's proposed amended complaint seeks to add James Tisch as a new defendant. James Tisch is the brother of John Tisch, and a co-owner of Greentech and Tisch Environmental. He objects to this amendment on the ground that the court lacks personal jurisdiction over him, making the proposed amendment futile. In support of his objection, he has submitted an affidavit stating that he is a resident of Ohio, owns no property in Massachusetts, does not regularly conduct business in Massachusetts, and generally lacks any contact with Massachusetts that would allow this court to exercise jurisdiction. In response, BGI does not assert any direct contact between James Tisch and Massachusetts as a basis for personal jurisdiction. Instead, BGI puts forward a "conspiracy theory of personal jurisdiction"; it argues that personal jurisdiction in Massachusetts is proper because James Tisch conspired with others who acted in

Massachusetts to further the conspiracy.

The conspiracy theory of personal jurisdiction has never been recognized in the First Circuit. See Glaros v. Perse, 628 F.2d 679, 682 (1st Cir. 1980); New Eng. Coll. v. Drew Univ., Civil No. 08-CV-424-JL, 2009 WL 395753, at *3 (D.N.H. Feb. 17, 2009). Indeed, it has been explicitly rejected by at least one other court in this circuit. See In re New Motor Vehicles Can. Exp., 307 F. Supp. 2d 145, 157-58 (D. Me. 2004). And even if the theory were viable, it would not be appropriate here.

To plead a conspiracy theory of jurisdiction, "a plaintiff must allege both an actionable conspiracy and a substantial act in furtherance of the conspiracy performed in the forum state." Textor v. Bd. of Regents of N. Ill. Univ., 711 F.2d 1387, 1393 (7th Cir. 1983). But the proposed amended complaint fails to state any facts showing that James Tisch conspired to misappropriate BGI's confidential information. The proposed amendments state that James Tisch co-founded Greentech, that he owns part of Greentech and Tisch Environmental, and that he filed several trademark applications through a company related to Tisch Environmental. Other than that, it provides no facts connecting James Tisch to the alleged conspiracy beyond the conclusory allegations in Count XI (charging Merrifield, Greentech, M&A, John Tisch, and James Tisch with civil conspiracy).[2] See Docket # 61, Ex. A ("Proposed Compl."), ¶¶ 122-126. Such allegations fail to "specifically link" James Tisch to any conspiratorial activity in Massachusetts. Glaros, 628 F.2d at 682. As such, they cannot support personal

---

[2] The trademark applications apparently were not related to the stolen confidential information. BGI has instead brought a seemingly separate trademark claim directed only at Tisch Environmental.

jurisdiction even under a conspiracy theory.

Because the proposed amended complaint does not state facts showing jurisdiction over James Tisch, the proposed amendment to add him as a defendant is futile. Leave for this amendment is therefore denied.

Finally, defendants John Tisch and Tisch Environmental object to the amendment of BGI's trademark and trade dress claims to refer to a BGI device with "SCC 1.829" engraved on the face rather than a device with "SCC 1.828" on the face. They claim that this amendment substantively changes BGI's trademark and trade dress claims by basing them on a different product. Therefore, they contend, allowing this change would prejudice them and reward BGI's undue delay because only a few months remain for discovery. BGI's initial memorandum did not address this proposed amendment, nor did BGI respond to these arguments in its reply brief. Therefore, leave for this amendment will be denied.

### III. Conclusion

The motion for leave to amend (Docket # 61) is ALLOWED IN PART and DENIED IN PART as described above.

    January 25, 2013                    /s/Rya W. Zobel
         DATE                                RYA W. ZOBEL
                                              UNITED STATES DISTRICT JUDGE