UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 12-10658-RWZ

BGI INCORPORATED and BGI INSTRUMENTS, INC.

v.

THOMAS MERRIFIELD *et al.*

MEMORANDUM OF DECISION

March 14, 2013

ZOBEL, D.J.

Plaintiff BGI Incorporated ("BGI") is a closely held Massachusetts corporation that makes environmental monitoring equipment such as air samplers and airflow meters. In this suit, BGI alleges that its former president Thomas Merrifield stole its confidential information and competed against BGI in the same industry. Defendants include, inter alia, Merrifield; his corporation Merrifield & Associates, Inc. ("M&A"); and the company Tisch Environmental, Inc. ("Tisch Environmental").

This opinion resolves two pending motions: the motion to strike by Tisch Environmental (Docket # 72), and the motion to dismiss for lack of personal jurisdiction by M&A (Docket # 84).

I. Motion to Strike

BGI previously moved for leave to amend its complaint, which was allowed in part and denied in part. See Docket # 68 (Memorandum of Decision). BGI was denied leave to amend Count XII of its complaint because it had failed to explain its proposed

changes in its briefing. BGI then filed an amended complaint which made different changes to Count XII. Because BGI failed to seek or receive leave from the court to make these changes, they were improper. See Fed. R. Civ. P. 15(a)(2) ("In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave."). Therefore, BGI's amendments to Count XII are stricken.

## II. Motion to Dismiss for Lack of Personal Jurisdiction

M&A moves to dismiss the claims against it on the ground that the court lacks personal jurisdiction. The court will consider M&A's motion under the prima facie standard, which is "the most commonly used method of determining a motion to dismiss for want of personal jurisdiction." Boit v. Gar-Tec Prods., 967 F.2d 671, 675 (1st Cir. 1992). "Under the prima facie standard, the inquiry is whether the plaintiff has proffered evidence which, if credited, is sufficient to support findings of all facts essential to personal jurisdiction." Phillips v. Prairie Eye Ctr., 530 F.3d 22, 26 (1st Cir. 2008). The court accepts as true evidence proffered by the plaintiff, and it also considers uncontested facts put forward by the defendant. Mass. Sch. of Law at Andover v. Am. Bar Ass'n, 142 F.3d 26, 34 (1st Cir. 1998).

Personal jurisdiction must be authorized by state statute and must comply with the Due Process Clause of the federal Constitution. Adelson v. Hananel, 652 F.3d 75, 80 (1st Cir. 2011). The Massachusetts Supreme Judicial Court has interpreted the state's long-arm statute to grant personal jurisdiction to the full extent permitted by the Due Process Clause; therefore, the court need only consider whether personal jurisdiction here satisfies due process. Id. at 80-81; Phillips, 530 F.3d at 26.

Personal jurisdiction can be either general or specific. For general jurisdiction, due process requires that the defendant have continuous and substantial contacts with the forum state, but the claim need not be related to those contacts. Harlow v. Children's Hosp., 432 F.3d 50, 57 (1st Cir. 2005). For specific jurisdiction, the defendant need only have some minimum contacts with the forum state; however, the claim must be related to those contacts. Id. Furthermore, the defendant's contacts must represent a purposeful availment of the privilege of conducting activity in the forum state, and the exercise of jurisdiction must be reasonable under the circumstances. Phillips, 530 F.3d at 27.

BGI does not argue that M&A is subject to general jurisdiction in Massachusetts. It does not challenge M&A's evidence that M&A is a Georgia corporation with its principal place of business in that state. Nor does it contest that M&A conducts no business in Massachusetts, derives no revenue from Massachusetts, owns no property in Massachusetts, and has never brought a lawsuit in Massachusetts.

However, BGI argues that M&A is subject to specific jurisdiction in Massachusetts based on a tortious act by one of its agents committed in Massachusetts. Specifically, BGI alleges that Merrifield, acting as an agent for M&A, stole trade secret information from BGI's office in Waltham, Massachusetts. BGI proffers evidence of the following facts, based on deposition testimony and documents in the record:

   (1) that Merrifield was the sole employee of M&A;

   (2) that Merrifield took trade secret information from a file in BGI's engineering

        department in Waltham, Massachusetts;

(3) that M&A used that information to seek and obtain business from third party manufacturers.

Of course, the evidence BGI presents is far from conclusive. But under the prima facie standard, the court must accept BGI's proffered evidence as true. Phillips, 530 F.3d at 26. Because the evidence BGI has proffered is sufficient to support finding that Merrifield acted as an agent for M&A in stealing BGI's trade secrets, BGI has made a sufficient showing that M&A committed a tortious act in Massachusetts. See Mass. Gen. Laws ch. 223A, § 3(c) (extending personal jurisdiction to one who "directly or by an agent . . . caus[es] tortious injury by an act or omission in [Massachusetts]"); see also United Elec., Radio & Mach. Workers of Am. v. 163 Pleasant St. Corp., 960 F.2d 1080, 1090 (1st Cir. 1992) ("[T]he contacts of a corporation's agent can subject the corporation to personal jurisdiction."). BGI has thereby met the first part of the specific jurisdiction inquiry, by showing that M&A engaged in some activity in Massachusetts (stealing BGI's trade secrets) and that BGI's claim is directly related to that activity. See Phillips, 530 F.3d at 27. Furthermore, because the allegedly tortious acts were voluntary and would foreseeably subject M&A to suit in Massachusetts, they also constituted purposeful availment. See id. at 28-29.

Finally, the exercise of jurisdiction is reasonable here. In determining whether the exercise of jurisdiction is reasonable, the court considers the so-called "gestalt factors." Adelson, 652 F.3d at 83. These factors include (1) the defendant's burden of appearing; (2) the forum state's interest in adjudicating the dispute; (3) the plaintiff's interest in convenient and effective relief; (4) the judicial system's interest in the most

effective resolution of the controversy; and (5) the shared interest of all states in furthering basic social policies. N. Laminate Sales, Inc. v. Davis, 403 F.3d 14, 26 (1st Cir. 2005). Here, the first factor cuts in favor of finding jurisdiction; as Merrifield is already a defendant here, the additional burden of exercising jurisdiction over his one-man company is low. The third and fourth factors also weigh in favor of finding jurisdiction, since exercising jurisdiction over M&A will allow this court to resolve all BGI's claims from the facts it alleges (rather than requiring a second, separate proceeding to resolve claims against M&A). The second and fifth factors are less weighty in this case, but they also shade in favor of exercising jurisdiction based on the interest that Massachusetts and all states share in preventing corporate espionage and resolving such claims efficiently.

For these reasons, it comports with due process for this court to exercise personal jurisdiction over M&A.

## III. Conclusion

Tisch Environmental's motion to strike (Docket # 72) is ALLOWED, and BGI's amendments to Count XII are stricken. M&A's motion to dismiss (Docket # 84) is DENIED.

BGI's motions to file oppositions under seal (Docket ## 90 and 92) are DENIED AS MOOT, since the court relied on the redacted versions.

|  |  |
|---|---|
|     March 14, 2013     |     /s/Rya W. Zobel     |
| DATE | RYA W. ZOBEL |

UNITED STATES DISTRICT JUDGE