12UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 12-10658-RWZ

BGI INCORPORATED and BGI INSTRUMENTS, INC.

v.

THOMAS MERRIFIELD *et al.*

MEMORANDUM OF DECISION

March 29, 2013

ZOBEL, D.J.

Early in this case, plaintiff BGI Incorporated ("BGI") moved for a preliminary injunction against defendants Thomas Merrifield, John Tisch, and Greentech Instruments, Inc. After a hearing on the motion, the parties filed supplemental briefing, which was completed on November 16, 2012. BGI subsequently moved to amend its complaint; the court allowed that motion in part and denied it in part. BGI's amended complaint was filed on February 1, 2013.

The court held a scheduling conference on March 12, at which it set this case to begin trial on July 8 (in about three months). BGI noted that the court had not yet ruled on the pending motion for a preliminary injunction. It expressed its belief that a preliminary injunction remained necessary, despite the upcoming trial date, because defendant Merrifield had recently attempted to profit from the trade secrets and confidential information at issue. BGI also requested leave to supplement its briefing on

its preliminary injunction motion within one week to describe those recent events. The court granted leave.

Defendant Merrifield stated in response that he did not have any existing plans to profit from BGI's asserted trade secrets and/or confidential information. He also expressed his willingness to work with BGI to agree on an appropriately tailored injunction.

In sum, this case has developed substantially since the original motion for a preliminary injunction was filed. BGI has filed an amended complaint adding a new plaintiff and a new defendant; it is unclear to what extent BGI seeks to enjoin that new defendant, Merrifield & Associates.[1] BGI has also recently sought and obtained leave to supplement its preliminary injunction briefing, although it has not submitted any supplementation. Finally, it appears BGI and defendants may be able to agree on an injunction to enter by consent.

Given these developments, BGI's motion for a preliminary injunction is no longer fit for judicial decision. The motion (Docket # 9) is therefore DENIED AS MOOT, without prejudice to plaintiffs' right to renew it if necessary.

|  |  |
|---|---|
| March 29, 2013 | /s/Rya W. Zobel |
| DATE | RYA W. ZOBEL<br>UNITED STATES DISTRICT JUDGE |

---

[1] It is also unclear to what extent BGI seeks to enjoin defendant Tisch Environmental, Inc. ("TEI"). The original motion for a preliminary injunction did not extend to TEI, but BGI's supplementary briefing asserts at least one argument directed at enjoining it. TEI therefore asked to be heard on BGI's motion before the court should issue any preliminary injunction.